UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

————————————

SPARTANBURG REGIONAL
HEALTHCARE SYSTEM, on behalf of
itself and others similarly situated,

        Case No. 1:04-MC-102

        Plaintiff,

v.        Hon. Richard Alan Enslen

HILLENBRAND INDUSTRIES, INC.,
HILL-ROM, INC., and HILL-ROM
COMPANY, INC.,

        **ORDER**

        Defendants.

————————————————/

This matter is before the Court on an appeal of an order quashing a subpoena of Stryker

Corporation, a non-party, as to a South Carolina anti-trust suit between Plaintiff Spartanburg

Regional Healthcare System and Defendants Hillenbrand Industries, Inc., Hill-Rom, Inc., and Hill-

Rom Company, Inc. Stryker Corporation is not a party to that suit, but is a competitor of

Defendants. On February 4, 2005, United States Magistrate Judge Ellen S. Carmody granted Stryker

Corporation's Motion to Quash, denied Defendants' Motion to Compel, and denied Defendants'

Motion to Transfer the Motion to Quash and the Motion to Compel to the South Carolina venue.

This appeal followed after the Magistrate Judge denied a Motion for Reconsideration by Defendants.

The appeal has been fully briefed and oral argument is unnecessary. *See* W.D. Mich. L. Civ. R.

7.2(d).

Pursuant to 28 U.S.C. § 636(b)(1)(A), the review of a magistrate judge's pretrial orders is

limited to whether the orders are "clearly erroneous or contrary to law." *See United States v.*

*Raddatz,* 447 U.S. 667, 673 (1980); *Flournoy v. Marshall*, 842 F.2d 875, 876-77 (6th Cir. 1988).

This standard is necessarily deferential; it does not permit reversal unless the reviewing court is left

with the definite and firm conviction that an error has been made. *See United States v. Kellams,* 26

F.3d 646, 648 (6th Cir. 1994) (citing *Anderson v. Bessemer City,* 470 U.S. 564, 573-74 (1985));

*Chakales v. Comm'r of Internal Revenue,* 79 F.3d 726, 728 (8th Cir. 1996); *see also United States*

*v. Roper*, 135 F.3d 430, 432 (6th Cir. 1998).

In *Hamlet*, Shakespeare wrote for the character Marcellus to say, "Something is rotten in the

state of Denmark." *Hamlet*, Act I, Sc. 4. Were he commenting here, he would have said the same

about discovery requests emanating from the State of South Carolina. The subpoena in question was

made by the dominant market player in a specific industry (hospital beds). It arose because

Defendants have been sued repeatedly for anti-trust violations. Defendants now seek to defend the

South Carolina suit by acquiring in discovery the most sensitive and confidential business plans of

their sole competitor (Stryker Corporation). These documents include confidential documents as to

Stryker Corporation's market share, its business plans, detailed financial data including pricing

information, contracting and leasing information, discounting information, and research plans. In

a word, Defendants have asked for the keys to the store and a red carpet for entry. They should not

be surprised when a court bars the door.

The Court finds that the factual and legal determinations of the Magistrate Judge were not

clearly erroneous or contrary to law. In evaluating this appeal and the underlying Motion to Quash,

the Court must balance competing factors under Federal Rules of Civil Procedure 26 and 45 as to

the information sought from a non-party; these factors include: (1) relevance of the information

sought; (2) need for the information sought; (3) confidentiality of the information sought; and (4)

potential harm to the non-party.  *See Mannington Mills, Inc. v. Armstrong World Indus., Inc.*, 206

F.R.D. 525, 529 (D. De. 2002).  The documents sought by subpoena have marginal relevance to the

South Carolina suit.  Those documents are confidential and proprietary in nature and extremely

valuable to Stryker Corporation.  Defendants have failed to establish a sufficient need to obtain the

documents since the South Carolina suit may be readily defended without resort to the documents.

Further, the production of the documents would affirmatively harm Stryker Corporation, which harm

greatly outweighs the need for documents.  This is particularly so since no protective order could be

fashioned which would sufficiently protect the confidentiality of the information sought.  *See Micro*

*Motion, Inc. v. Kane Steel Co., Inc.*, 894 F.2d 1318, 1325 (Fed. Cir. 1990).

Regarding protective orders, this Court is not naive as to how protected documents are

sometimes used in litigation.  Lawyers talk to clients.  (It is the nature of the attorney-client

relationship and privilege.)  Then clients talk to their employees.  Before long, a competitor's

confidential business plans, research plans and pricing formulas are on the drawing room floor ready

for exploitation.  The facts of illicit or prohibited use in violation of a distant order (were they ever

disclosed) would come much too late to save Stryker Corporation, if such use were permitted.

Perhaps in a case of dire need, the courts might make Gargantuan efforts to insure limited and proper

use of highly sensitive materials.  This is not such a case.  The venture proposed is not worth the risk.

**THEREFORE, IT IS HEREBY ORDERED** that Defendants Hillenbrand Industries, Inc.,

Hill-Rom, Inc., and Hill-Rom Company, Inc.'s Appeal (Dkt. No. 34) is **DENIED** and the Orders

of February 4, 2005 and March 9, 2005 (Dkt. Nos. 26 & 33) are **AFFIRMED**.

|                          | /s/ Richard Alan Enslen        |
|--------------------------|--------------------------------|
| DATED in Kalamazoo, MI:  | RICHARD ALAN ENSLEN            |
| May 16, 2005             | UNITED STATES DISTRICT JUDGE   |